UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

PEDRO VIRGILIO PAUCAR CHANGO,
Petitioner,

v.

MICHAEL NESSINGER, *Warden, Donald W. Wyatt Detention Facility*; DAVID WESLING,[1] *Acting Field Office Director of Enforcement and Removal Operations, Boston Field Office*; MICHAEL KROL, *HSI New England Special Agent in Charge*; MARKWAYNE MULLIN, *Secretary of Homeland Security*; and TODD BLANCE, *Acting Attorney General of the United States*,
Respondents.

No. 26-cv-266-JJM-PAS

**ORDER**

Pedro Virgilio Paucar Chango has filed a habeas petition under 28 U.S.C. § 2241, arguing that his arrest and continued detention by Immigration and Customs Enforcement ("ICE") is unlawful, and that he must be released or given a bond hearing before an immigration judge ("IJ") pursuant to 8 U.S.C. § 1226(a). ECF No. 1. In its Response, the Government states that the legal issues presented in this case are like those recently addressed by this Court in *Tomas Elias v. Hyde*, No. 25-cv-

[1] Pursuant to Fed. R. Civ. P. 25(d), David Wesling has been substituted for Patricia Hyde as Acting Field Office Director of Enforcement and Removal Operations, Boston Field Office in this action.

540-JJM-AEM, 2025 WL 3004437 (D.R.I. Oct. 27, 2025). ECF No. 4 at 2. Though the Government notes some disagreement with that decision,[2] it acknowledges that should the Court follow its reasoning in *Tomas Elias*, it would reach the same result in Mr. Paucar Chango's case. *Id.* The reasoning provided in *Tomas Elias* remains correct. As such, the Court finds that Mr. Paucar Chango's detention is unlawful, and that he is entitled to immediate release and a bond hearing before an IJ. Mr. Paucar Chango's petition is therefore GRANTED. ECF No. 1.

The Government is hereby ORDERED to <u>release Pedro Virgilio Paucar Chango immediately</u>. The Government may transfer Mr. Paucar Chango from the Donald W. Wyatt Detention Facility in Central Falls, Rhode Island to ICE's Boston Field Office in Burlington, Massachusetts in order to process his release and allow for any return of property.[3] ECF No. 5 at 1 n.1. Effectuating Mr. Paucar Chango's transfer to Burlington shall not in any way impede his <u>immediate release</u>.

---

[2] Specifically, the Government cites to recent decisions from the Eighth and Fifth Circuits that are to the contrary. *See Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026). Of course, that decision is not binding on this Court, and the Court does not find its reasoning to be persuasive. The Court is instead persuaded by the Second and Seventh Circuits' position on the issue. *See Cunha v. Freden*, No. 25-3141-pr, --- F.4th ----, 2026 WL 1146044, at *2 (2d Cir. Apr. 28, 2026) (holding that 8 U.S.C. § 1225(b)(2)(A) "does not apply to . . . noncitizens, who are present in the United States after entering the country without inspection and admission, and who were not apprehended while entering the country or shortly thereafter"); *Castanon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1060-62 (7th Cir. 2025) (concluding that the Government was unlikely to succeed on the merits of its argument that 8 U.S.C. § 1225(b)(2)(A) requires the mandatory detention of any noncitizen who is unlawfully already in the United States).

[3] To be clear, the Government is *not* permitted to place "any monitoring equipment deemed appropriate" on Mr. Paucar Chango, as it has requested in similar cases. Because the Government did not have the lawful authority to detain Mr.

The Government is also ORDERED to provide Pedro Virgilio Paucar Chango with a bond hearing before an IJ under 8 U.S.C. § 1226(a) within ten (10) days of the date of this order. Should it choose to pursue Mr. Paucar Chango's continued detention, the Government must show why less restrictive alternatives to detention would be inadequate for it to achieve its goals. *See Higiro v. Nessinger*, No. 26-cv-105-JJM-AEM, 2026 WL 710297, at *8 (D.R.I. Mar. 13, 2026) (finding that due process requires IJs to consider alternatives to detention at bond hearings to ensure that detention is not arbitrarily imposed and bears a reasonable relation to the Government's interests). The IJ shall consider any alternatives to detention *before* making a finding as to flight risk or dangerousness. *See Brito v. Garland*, 22 F.4th 240, 254 (1st Cir. 2021) (noting that to require otherwise would be "to put the cart before the horse").

Finally, the Court ORDERS the Government to file a status report within five (5) days of Mr. Paucar Chango's bond hearing, stating whether he has been granted bond. If Mr. Paucar Chango's request for bond is denied, the Government shall state the reason for that denial and whether Mr. Paucar Chango has been re-detained by ICE.

---

Paucar Chango in the first place, the Court will not permit the Government to keep him "in custody" through the use of monitoring equipment pending the bond hearing. *See Morales v. Hyde*, No. 26-cv-093-JJM-PAS, 2026 WL 508811, at *3-4 (D.R.I. Feb. 24, 2026) (denying the Government's request to place "any monitoring equipment deemed appropriate" on a petitioner because "[i]t does not follow . . . that ICE gets to keep [the petitioner] 'in custody' once he leaves the Wyatt Detention Facility").

IT IS SO ORDERED.

***s/John J. McConnell, Jr.***

JOHN J. MCCONNELL, JR.
Chief Judge
United States District Court

May 4, 2026